NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL GORDON WHITMORE, | No. 16-55264 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02949-DMS-BGS |
| v. | |
| JEFFERY DORT, Asst. District Attorney, SD County; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 16, 2016**

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Paul Gordon Whitmore appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process violations arising from his conviction and sentence. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)).  We may affirm on any ground supported by the record, *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998), and we affirm.

To the extent that success on Whitmore's due process claims would necessarily imply the invalidity of his conviction or sentence, the district court properly concluded that Whitmore's action is *Heck*-barred because Whitmore failed to allege facts demonstrating that his conviction or sentence has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

To the extent that success on Whitmore's due process claims would not necessarily imply the invalidity of his conviction or sentence, dismissal of Whitmore's due process claims was proper because Whitmore failed to allege facts sufficient to show any cognizable injury.  *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege . . . that a right secured by the Constitution or laws of the United States was violated[.]"); *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim).

**AFFIRMED.**

16-55264